32 C.C.P.A.(Patents)

### Application of McKAUGHAN.

### Patent Appeal No. 4999.

Court of Customs and Patent Appeals.

April 9, 1945.

———◆———

Mason, Fenwick & Lawrence, of Washington, D. C. (Henry S. Morton, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 2, 3, 4, 5, 11, and 12 in appellant's application for a patent for an alleged invention relating to aircraft construction, and particularly to removable cargo compartments in the fuselage.

Claims 9 and 10 in appellant's application were allowed by the Primary Examiner.

Claims 4, 11, and 12 are illustrative of the appealed claims, claim 4 being illustrative of claim 5, and claim 12 being illustrative of claims 2 and 3. Claims 4, 11, and 12 read:

"4. Airplane construction including a fuselage, said fuselage having a compart-ment chamber, and a freight compartment substantially fitting said chamber and re-movable as a unit through the top of said chamber, and means below the fuselage as to support the fuselage substantially level on the ground with the side walls of said chamber and compartment in a substantial-ly vertical direction, to facilitate the lift-ing of said compartment from said chamber or the gravitational replacing of said com-partment in said chamber."

"11. In aircraft construction including a fuselage and wings, a tail assembly com-prising a vertical fin carried beneath the fuselage and a rudder mounted behind said fin, means beneath said wings operable ad-vantageously when landing for intercept-ing air beneath said wings with braking ef-fect and deflecting it toward said fin and rudder to increase the steering efficiency of said tail assembly."

"12. Airplane construction including a fuselage having a compartment chamber having closed longitudinal side walls and bottom, and a freight compartment sub-stantially fitting said chamber and re-movable as a unit through the top of said chamber, said compartment having a door in one end accessible from the interior of the airplane, the roof of said compart-ment forming part of the upper wall of said fuselage when the compartment is in place."

The references are:

Griswold, 2d, 1,801,344, April 21, 1931;
Brown, 1,836,896, December 15, 1931;
Blount, 1,951,817, March 20, 1934;
Fowler, 1,992,941, March 5, 1935;
Knerr, 2,075,042, March 30, 1937;
Poindexter et al., 2,115,932, May 3, 1938.

As will be observed from the quoted claims, appellant discloses a compartment chamber in the fuselage of an airplane having a bottom and closed side walls, and a freight compartment substantially fitting the chamber and removable through its top. When the freight compartment is in place, its roof forms a part of the "upper wall" of the fuselage. Appellant aso provides a vertical fin carried beneath the fuselage, a rudder mounted behind the fin, brake flaps on the winds for deflecting the air toward the fin and rudder to increase the steering efficiency of the tail assembly when landing, and a tail wheel positioned so as to support the fuselage in a level position during loading or unloading and thus facilitate the handling of the freight com-partment.

The patent to Griswold discloses a cabin on an airplane supported in a compartment chamber of the fuselage. The cabin is designed to be lifted through the top of the fuselage and carried by a parachute in case of an emergency. The side walls of the compartment chamber are composed of open truss members.

The patent to Brown discloses an airplane having upper and lower wings, brake flaps on the wings adapted to be lowered to exert a braking effect during landing of the craft, vertical fins extending above and below the fuselage, a rudder attached to the fins, and a tail wheel on the vertical rudder to support the plane while it is on the ground.

The patent to Blount discloses, among other things, a vertical fin having a tail wheel mounted thereon.

The patent to Fowler discloses a compartment chamber and removable freight compartments which fit into the chamber and are removable through the top of the chamber. The patentee states that the upper surfaces of the freight compartments "are contiguous with the upper surfaces of the nose and tail sections, and their side surfaces or likewise contiguous with the side surfaces of the nose and tail sections, and with the side surfaces of the platform" on which the freight compartments are positioned. The freight compartments may be equipped for passengers, in which event a door is provided which communicates with the fuselage. The patentee does not disclose side walls along that portion of the fuselage where the freight compartments are located.

The patent to Knerr discloses an airplane having freight compartments attached to the fuselage and removable through the bottom of the fuselage. The patent was cited because it discloses an adjustable tail wheel to hold the fuselage in a level position to facilitate removal of the freight compartments.

The patent to Poindexter et al. discloses a detachable passenger compartment which is supported by a parachute in the event of an emergency and, so far as the issues here are concerned, is similar to the Griswold patent.

The tribunals of the Patent Office concurred in holding that claims 2, 3, and 12 were unpatentable over the disclosure in the Fowler patent.

Counsel for appellant argue that the patent to Fowler does not anticipate claims 2, 3, and 12; that it does not show a compartment chamber having closed side walls; and that it does not disclose that the freight compartments are removable through the top of the fuselage.

Claims 2, 3, and 12 are not anticipated in a technical sense by the patent to Fowler, because Fowler does not disclose a compartment chamber having side walls. However, it is clear from its decision that the Board of Appeals did not hold that those claims were anticipated by the Fowler disclosure, but, on the contrary, held that they were not patentable over that disclosure in view of the side walls in the compartment chambers disclosed in the patents to Griswold and Poindexter et al.

It is true that the patents to Griswold and Poindexter et al. do not disclose closed side walls for their compartment chambers. However, it is not argued here by counsel for appellant that it would involve invention merely to provide appellant's freight chamber with closed side walls.

Although counsel for appellant argue that the patent to Fowler does not disclose that the freight compartments are removable through the top of the fuselage, it is stated in the patentee's specification that "there is a vertical cargo receiving slot, which is accessible from the top and side of the fuselage," and we think it is clear from the patentee's disclosure that his arrangement is such that the freight compartments may be removed through the top of the fuselage in the same manner as are appellant's.

We are in accord with the conclusion reached by the Board of Appeals as to claims 2, 3, and 12.

Claim 4 was rejected by the tribunals of the Patent Office on the disclosures in the patents to Fowler, Griswold, and Poindexter et al. in view of the patent to Knerr.

In addition to the elements called for by claims 2, 3, and 12, claim 4 calls for means beneath the fuselage to hold the fuselage substantially level to facilitate the removal of the freight "compartment" from the compartment chamber. That feature is clearly disclosed in the patent to Knerr.

Claim 5, which differs from claim 4 in that it calls for a vertical fin for carrying a tail wheel, was rejected by the Patent Office

tribunals on the patents to Fowler, Griswold, and Poindexter et al. in view of the patents to Knerr and Blount.

As hereinbefore noted, the patent to Blount discloses a tail wheel mounted on a vertical fin for supporting the fuselage in a level position, and, as pointed out by the board, the patent to Brown shows a somewhat similar arrangement.

Claim 5 was also rejected by the tribunals of the Patent Office as being aggregative.

In view of the fact that we are of opinion that claims 4 and 5 are unpatentable over the references of record, it is unnecessary that we consider the rejection of claim 5 on the ground that it is aggregative.

Claim 11 was rejected by the Patent Office tribunals as reading directly on the disclosure in the Brown patent.

It will be observed that claim 11 calls for means beneath the wings for intercepting and deflecting air toward the fin and rudder to increase the steering efficiency of the tail assembly during the landing of the airplane.

In holding claim 11 readable on the patent to Brown and, therefore, unpatentable, the Primary Examiner stated that in the patentee's disclosure the "down wash" of the air from the brake flaps on the lower wings would, to some extent, pass over the fin and rudder, owing to the fact that the brake flaps "extend from a point below to one above the level" of the lower fin, and that, when landing, the lower fin on the airplane would be at such an angle, with reference to the brake flaps on the lower wings, that the down wash of air from the brake flaps would flow along the fuselage towards the lower fin. The examiner concluded his statement by saying: "If any beneficial effect is contributed by the down wash on the fun and rudder it is anticipated by the references."

The Board of Appeals approved the examiner's statement with regard to the disclosure in the Brown patent.

The difficulty with the examiner's position, as we see it, is that in the Brown patent the brake flaps on the lower wings converge forwardly towards the front of the fuselage and, obviously, would not deflect the air towards the fin and rudder assembly, as called for by claim 11.

It may be, as stated by the examiner, that, in the patentee's arrangement, there would be some down wash of air from the brake flaps on the lower wings to the fin and rudder. It seems to us, however, that the examiner's views are somewhat speculative. But, be that as it may, the brake flaps on the lower wings of the patentee's structure do not deflect the air towards the fin and rudder within the meaning of the term "deflecting" as used in claim 11.

The Solicitor for the Patent Office, however, has called our attention to the fact that the brake flaps on the upper rear wing, as disclosed in Fig. 7 of the Brown patent, converge rearwardly towards the fin and rudder, and it is argued by the solicitor that they would deflect the air to the fin and rudder.

Although the patentee makes no reference in his patent to deflecting the air towards the fin and rudder, we think it is clear from his disclosure in Fig. 7 that the brake flaps on the upper rear wing, which converge rearwardly, would deflect the air to the fin and rudder and increase the steering efficiency of the tail assembly in precisely the same manner as in appellant's disclosure. We are of opinion, therefore, that claim 11 reads directly on the patent to Brown.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.